OFFICE OF THE CLERK

# UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

Marcia M. Waldron
Clerk

21400 United States Courthouse
601 Market Street
Philadelphia PA 19106-1790

Telephone
267-299-4923

www.ca3.uscourts.gov

September 23, 2002

Mrs. Mary D'Andrea
U.S. District Court for the Middle District of Pennsylvania
Middle District of Pennsylvania
228 Walnut Street
Room 1060
Harrisburg, PA  17108

RE: Docket No. 00-1825
    Lindsay  vs. Mendez
    D. C. CIV. No. 00-cv-00476

RECEIVED
SEP 26 2002
PER
HARRISBURG, PA.
DEPUTY CLERK

Dear Mrs. D'Andrea:

Enclosed is a certified copy of the judgment in the above-entitled case(s), together with copy of the opinion. The certified judgment is issued in lieu of a formal mandate and is to be treated in all respects as a mandate.

(X) We return herewith the certified record & 1st supplemental record in the case(s).

Kindly acknowledge receipt for same on the enclosed copy of this letter.

Counsel are advised of the issuance of the mandate by copy of this letter. A copy of the certified judgment is also enclosed showing costs taxed, if any.

Very truly yours,
MARCIA M. WALDRON
Clerk

By: Charlene Crisden
    Case Manager

Enclosure

cc:
    Lionel Lindsay #04631-000
    Kate L. Mershimer, Esq.

UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT

NO. 00-1825

---

LIONEL LINDSAY,

Appellant

v.

JAKE MENDEZ, Warden

FILED
HARRISBURG, PA
SEP 26 2002
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

---

On Appeal From the United States District Court

For the Middle District of Pennsylvania

(M.D. Pa. Civ. No. 00-cv-00476)

District Judge: Honorable William W. Caldwell

---

Submitted Under Third Circuit LAR 34.1(a)

June 7, 2002

Before: ALITO, ROTH, AND FUENTES, <u>CIRCUIT</u> <u>JUDGES</u>

**JUDGMENT**

---

This cause came on to be heard on the record from the United States District Court for the Middle District of Pennsylvania and was submitted pursuant to Third Circuit LAR 34.1(a). On consideration whereof, it is now here ORDERED AND ADJUDGED by this Court that the appeal is DISMISSED AS MOOT. All of the above in accordance with the opinion of this Court.

ATTEST:

Acting Clerk

DATED: July 31, 2002

Certified as a true copy and issued in lieu
of a formal mandate on September 23, 2002.

Teste: *Marcia M. Waldron*

Clerk, U.S. Court of Appeals
For the Third Circuit.

**UNREPORTED-NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 00-1825

LIONEL LINDSAY,

Appellant

v.

JAKE MENDEZ, Warden

FILED
HARRISBURG, PA

SEP 26 2002

J. ANDREA, CLERK
Deputy Clerk

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 00-cv-00476)
District Judge: Honorable William W. Caldwell

Submitted Under Third Circuit LAR 34.1(a)
June 7, 2002

Before: ALITO, ROTH, AND FUENTES, CIRCUIT JUDGES

(Filed: July 31, 2002)

OPINION

PER CURIAM.

Lionel Lindsay appeals from the denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons that follow, we will dismiss this appeal as

moot.

Lindsay was convicted in the Superior Court of the District of Columbia of various drug offenses, and, in 1995, he began serving a parole-violator term on those convictions. Lindsay was also separately convicted in the District of Columbia of possession of an unlicenced firearm and sentenced to 20 months to 5 years imprisonment. That sentence was imposed consecutively to the parole-violator term and began to run on January 22, 2000. In September 1996, Lindsay was transferred into the federal prison system to serve his sentences. He is currently housed at USP-Allenwood in Pennsylvania.

In his § 2241 habeas petition, which he filed in the United States District Court for the Middle District of Pennsylvania, Lindsay alleged that the Federal Bureau of Prisons (BOP) denied him good-time credits that he would have otherwise received were he housed in a District of Columbia prison. Lindsay claimed that he should receive a total of 90 days of educational good-time credit pursuant to D.C. Code § 24-429 for having obtained his high school equivalency diploma while at USP-Marion. Those credits, if awarded, would shorten his parole eligibility date as well as his mandatory release date. Lindsay also claimed that he should be afforded "additional good time credits for performing exceptionally meritorious service and duties of outstanding importance in connection with institutional operations in accordance with D.C. Code § 24-429.1." Lindsey argued that denial of these credits violated due process as well as the terms of

the Interstate Corrections Compact, D.C. Code § 24-1001.

The District Court denied the habeas petition, noting that in <u>Fields v. Keohane</u>, 954 F.2d 945 (3d Cir. 1992), this Court concluded, as an alternative holding, that the denial of good-time credits under the D.C. Code to inmates housed in the BOP system did not violate due process or equal protection.[1] The District Court rejected the claim under the Interstate Corrections Compact on the ground that Lindsay's placement in a federal facility was not based on that Compact. Lindsay timely filed this appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291.

Notably, after Lindsay filed his appellate brief, the appellee (nominally, the Warden at USP-Allenwood, Jake Mendez, but for convenience we will adopt the parties' reference to the BOP as the appellee), moved to dismiss the appeal as moot. Among other things, the BOP noted that it had recently awarded Lindsay 125 days of educational good-time credit under the D.C. Code.[2] Because it had credited Lindsay's sentence to

---

[1] The primary holding in <u>Fields</u> was that the D.C. Code "expressly limits the award of <u>institutional</u> good time to prisoners 'imprisoned in a District correctional facility,'" and thus does not apply to those in federal facilities. 954 F.2d at 949 (emphasis added). As to educational credits, this Court noted that, "[w]hile the Act does not explicitly limit the award of education good time credits to prisoners within a District facility, in fact they are not awarded to prisoners in a federal facility and the lack of a specific limitation in the Act does not affect our result." <u>Id.</u> at 949 n.5.

[2] The BOP explained that, with the enactment in 1997 of the National Capital Revitalization and Self-Government Improvement Act, which provided that the BOP would be responsible, by the end of 2001, for all persons incarcerated for violations of the D.C. Code, it began transferring all District of Columbia inmates to BOP facilities. In light of this development, the BOP revised its policy and began to award D.C. Code educational credits to its District of Columbia inmates. Hence its decision to afford those

account for his having earned the high school equivalency diploma, the BOP argued that the appeal was now moot. Lindsay, in response, argued that he was actually entitled to a total of 480 days of educational credits, not just 125 days. A motions panel of this Court denied the BOP's motion to dismiss without prejudice to its right to renew the mootness argument in its merits brief.

The BOP has now renewed that argument, urging that we dismiss the appeal as moot in light of the developments noted above. We address this mootness argument as a threshold matter, as the exercise of judicial power depends upon the existence of a case or controversy. DeFunis v. Odegaard, 416 U.S. 312, 316 (1974). To avoid a dismissal for mootness, Lindsay must show that the standing he had when he filed his habeas petition continues to exist now. See Chong v. District Dir., Immig. & Nat. Serv., 264 F.3d 378, 383 (3d Cir. 2001) (citations omitted). In other words, "[Lindsay] must show that []he has suffered, or is threatened with, an actual injury traceable to the [appellee] that is likely to be redressed by a favorable decision." Id. at 384.

Lindsey's sole claim in his habeas petition regarding educational credit was based on the 90 days that he thought he deserved for earning his high school equivalency diploma. See Mem. of Law in Support of Hab. Ptn. at 5. Lindsay does not dispute that his sentence has now been credited with 90 days for that educational achievement. This

---

credits to Lindsay. See Appellee's Br. at 8-9.

4

appeal, therefore, is plainly moot and must be dismissed for that reason.[3]

As noted, Lindsay now argues that he is entitled to additional educational credit.[4] Lindsay failed, however, to present this argument to the District Court. This Court generally will not consider an argument raised for the first time on appeal. Brown v. Phillip Morris, Inc., 250 F.3d 789, 799 (3d Cir. 2001) ("[A]rguments asserted for the first time on appeal are deemed to be waived and consequently are not susceptible of review in this Court absent exceptional circumstances.").

Moreover, as the BOP notes, Lindsay has yet to exhaust available administrative remedies on his claim to additional good-time credit, and this failure to exhaust precludes our consideration of the claim. "Federal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241." Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996).

> We require exhaustion for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors

---

[3] Insofar as Lindsay sought an unspecified amount of institutional good-time credit for work participation, that claim is waived due to Lindsay's failure to argue it in his opening brief. See Joint Stock Society v. UDV North Am., Inc., 266 F.3d 164, 178 n.9 (3d Cir. 2001). In any event, the claim is without merit. See Fields, 954 F.2d at 949-950.

[4] Lindsay initially represented that he was seeking a total of 480 days, but he has since reduced that figure to 408 days. Reply Br. at 1. The BOP notes that it has now awarded Lindsay a total of 200 days of educational credit. Thus, the difference between what Lindsay seeks and has been awarded stands at 208 days.

5

> fosters administrative autonomy.... Requiring petitioners to satisfy the procedural requirements of the administrative remedy process promotes each of these goals.

Id. at 761-62. On the record here, and in light of the considerations that underlie the exhaustion principle, we agree with the BOP that Lindsay must first exhaust his claim to the specific additional educational good-time credit.

In sum, given the absence of a case or controversy on the claim to educational good-time credits that Lindsay raised in his habeas petition, we will dismiss this appeal as moot.